NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|   |   |   |
|---|---|---|
| ALBERT MIKHAYLOVICH BARATOV, | : | Civ. Action No. 19-6715(RMB) |
| Petitioner | : | |
| v. | : | **OPINION** |
| WARDEN, FCI FORT DIX, *et al.*, | : | |
| Respondents | : | |

**BUMB**, District Judge

This matter comes before the Court upon Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the Bureau of Prison's ("BOP") failure to consider him for Residential Reentry Center ("RRC") placement for the last twelve months of his sentence under 18 U.S.C. § 3624(c) because he is subject to an immigration detainer. (Pet., ECF No. 1.) On March 12, 2019, Respondents submitted a letter brief informing the Court that Petitioner is no longer in BOP or Immigration and Customs Enforcement (ICE) custody. (Letter Brief, ECF No. 4.) Respondents submit that the petition should be dismissed as moot because Petitioner has received all relief available under § 2241. (Id. at 2.)

I. BACKGROUND

In his habeas petition, Petitioner sought review by the Bureau of Prisons for his eligibility for placement in an RRC for the last twelve months of his sentence. (Pet., ECF No. 1.) The BOP had denied his request because Petitioner was subject to a detainer by ICE. (Id.) The BOP transferred Petitioner from FCI Fort Dix to FCI Allenwood in White Deer, Pennsylvania on February 8, 2018 to enable him to participate in the Institution Hearing Program, where he could challenge the validity of the ICE detainer. (Letter Brief, ECF No. 8 at 2.) ICE did not conduct Baratov's IHP hearing after determining that Baratov was under an order of removal issued by an Immigration Judge in 2001. (Id.)

On March 1, 2019, ICE canceled its detainer on Petitioner. (Id., Ex. A, ECF No. 4-1 at 2-4.) Petitioner was released from BOP and ICE custody on March 1, 2019. (Letter Brief, ECF No. 8 at 2.) Petitioner did not respond to Respondents' letter brief requesting dismissal of the petition as moot.

II. DISCUSSION

"Under Article III of the Constitution, a federal court may adjudicate 'only actual, ongoing cases or controversies.'" Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). The "case or controversy" requirement continues through all stages of federal judicial proceedings and requires that parties have a personal

stake in the outcome. Burkey, 556 F.3d at 147 (citing Lewis, 494 U.S. at 477-78.) For there to remain a case or controversy, there must be a likelihood that the petitioner's injury would be redressed by a District Court's grant of his habeas corpus petition. Id. at 150.

Petitioner sought an eligibility review for RRC placement from the BOP for the final twelve months of his sentence. Petitioner's release from BOP custody eliminates the possibility that the BOP would review his eligibility for RRC placement. Therefore, the petition is moot.

III. CONCLUSION

For the reasons discussed above, the Court will dismiss the petition as moot.

An appropriate Order follows.

Date: March 25, 2019

s/Renée Marie Bumb  
**RENÉE MARIE BUMB**  
**United States District Judge**